## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREA KLABBATZ,** | : | |
| *Individually and on behalf of* | | |
| *all others similarly situated*, | : | |
| **5852 Garden Hill Lane** | | |
| **Dublin, Ohio 43017** | : | **Case No. 2:18-cv-242** |
| | | |
| **AND** | : | **Judge** |
| | | |
| **JORDAN WILLIS** | : | **Magistrate Judge** |
| *Individually and on behalf of* | | |
| *all others similarly situated*, | : | |
| **2947 Blue Top Drive** | | |
| **Columbus, Ohio 43232** | : | **CLASS ACTION COMPLAINT** |
| | | **JURY DEMAND ENDORSED** |
| **AND** | : | **HEREON** |
| | | |
| **HEIDI EAGLE** | : | |
| *Individually and on behalf of* | | |
| *all others similarly situated*, | : | |
| **5735 Branding Iron Court** | | |
| **Galloway, Ohio 43119** | : | |
| | | |
| **AND** | : | |
| | | |
| **KAITLYN VORBROKER** | : | |
| *Individually and on behalf of* | | |
| *all others similarly situated*, | : | |
| **76 Westview Drive** | | |
| **Johnstown, Ohio 43031** | : | |
| | | |
| **Plaintiffs,** | : | |
| | | |
| **v.** | : | |
| | | |
| **MWD CONSULTING, INC.** | : | |
| **300 W. Wilson Bridge Road, Suite 300** | | |
| **Worthington, Ohio 43085** | : | |
| | | |
| **Serve Also Its Registered Agent** | : | |
| **Jerry R. Hatton** | | |
| **8 Washington Street** | : | |
| **Canal Winchester, Ohio 43110** | | |

**AND**

           :

**OPOC.us**

    **Registered Trade Name**    :
    **300 W. Wilson Bridge Road, Suite 300**
    **Worthington, Ohio 43085**    :

    **Serve Also Its Registered Agent**    :
    **Edward D.A. Sommer**
    **300 W. Wilson Bridge Road, Suite 300**    :
    **Worthington, Ohio 43085**

           :

**AND**

           :

**ACCELWELL, INC.**

    **300 W. Wilson Bridge Road, Suite 300**    :
    **Worthington, Ohio 43085**

           :

    **Serve Also Its Registered Agent**
    **CT Corporation System**    :
    **4400 Easton Commons Way, Suite 125**
    **Columbus, Ohio 43219**    :

**AND**    :

**CENTRIC HC, INC.**    :

    **300 W. Wilson Bridge Road, Suite 300**
    **Worthington, Ohio 43085**    :

    **Serve Also Its Registered Agent**    :
    **CT Corporation System**
    **4400 Easton Commons Way, Suite 125**    :
    **Columbus, Ohio 43219**

           :

**AND**

           :

**EDWARD D.A. SOMMER,** *Individually*

    **300 W. Wilson Bridge Road, Suite 300**    :
    **Worthington, Ohio 43085**

           :

**AND**

           :

**TOBIAS SOMMER,** *Individually*

    **300 W. Wilson Bridge Road, Suite 300**    :
    **Worthington, Ohio 43085**

           :

2

**Defendants.**

### COLLECTIVE ACTION COMPLAINT FOR
### DECLARATORY JUDGMENT AND COMPENSATION
### UNDER 29 U.S.C. §§ 201, *et. seq.*
### AND
### CLASS ACTION COMPLAINT
### UNDER OHIO REVISED CODE CHAPTER 4111, *et seq.*

Now come Plaintiffs, on behalf of themselves and all others similarly situated, and bring this collective and class action against Defendants MWD Consulting, Inc. ("MWD"), OPOC.us ("OPOC"), AccelWELL, Inc. ("AccelWELL"), Centric HC, Inc. ("Centric"), Edward D.A. Sommer, and Tobias Sommer (collectively "Defendants") for monetary, declaratory, and injunctive relief due to its willful failure to compensate employees with proper pay in violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, *et seq.*, the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15, and common law unjust enrichment by intentionally failing to pay full and accurate wages to employees for each hour worked in accordance with federal and Ohio law. In support of the claims stated above, Plaintiffs allege the following:

### INTRODUCTION

1. This is an action brought under the Fair Labor Standards Act, 29§§ 201, *et seq.*, against Defendants MWD, OPOC, AccelWELL, Centric, Edward D.A. Sommer, and Tobias Sommer to redress Defendants' long standing abuse of the federal minimum wage and overtime standards. Plaintiffs bring this action as a collective action under 29 U.S.C. § 216(b). The FLSA violations raised in this lawsuit are straightforward—Defendants misclassify certain employees as exempt and do not pay these employees overtime at a rate of time and one-half for each hour worked in excess of forty hours in a given workweek.

3

2.     This action is also brought under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, *et seq.*, for Defendants' failure to pay employees overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, and O.R.C. § 4111.08 for Defendants' failure to keep accurate records.

3.     Plaintiffs are non-exempt current and former team members working for Defendants. During their tenure they did not receive time and one-half their regular rate of pay for hours worked in excess of forty in a given workweek.

4.     Defendants' conduct violates the FLSA because of the mandate that employees, such as Ms. Klabbatz, Ms. Willis, Ms. Eagle, Ms. Vorbroker, and team members, be paid for all hours worked including but not limited to those hours worked in excess of forty hours per week at one and one half their regular rate of pay within a single week. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 29 U.S.C. §216(b).

6.     This Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. § 1367 for those claims authorized under Ohio Revised Code Chapter 4111.01, *et seq.*

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because the acts giving rise to the claims of the Plaintiffs occurred within this judicial district, and Defendants regularly conduct business in and have engaged and continue to engage in the wrongful conduct alleged herein and thus, are subject to personal jurisdiction within this judicial district.

4

## PARTIES

8.     Plaintiff Andrea Klabbatz is a citizen of the State of Ohio, County of Franklin who was employed by Defendants as a team member in Worthington, Ohio during the statutory period covered by this Complaint.

9.     Plaintiff Jordan Willis is a citizen of the State of Ohio, County of Franklin who was employed by Defendants as a team member in Worthington, Ohio during the statutory period covered by this Complaint.

10.     Plaintiff Heidi Eagle is a citizen of the State of Ohio, County of Franklin who was employed by Defendants as a team member in Worthington, Ohio during the statutory period covered by this Complaint.

11.     Plaintiff Kaitlyn Vorbroker is a citizen of the State of Ohio, County of Licking who was employed by Defendants as a team member in Worthington, Ohio during the statutory period covered by this Complaint.

12.     Defendant MWD Consulting, Inc., is a for profit corporation registered to do business in Ohio. Defendant's principal place of business is 300 W. Wilson Bridge Road, Suite 300, Worthington, Ohio 43085.

13.     Defendant OPOC.us is a registered trade name registered to do business in Ohio. Defendant's principal place of business is 300 W. Wilson Bridge Road, Suite 300, Worthington, Ohio 43085.

14.     Defendant AccelWELL, Inc. is a for profit corporation registered to do business in Ohio. Defendant's principal place of business is 300 W. Wilson Bridge Road, Suite 300, Worthington, Ohio 43085.

15.     Defendant Centric HC, Inc., is a for profit corporation registered to do business in Ohio. Defendant's principal place of business is 300 W. Wilson Bridge Road, Suite 300, Worthington, Ohio 43085.

16.     Defendant Edward D.A. Sommer is an individual and authorized representative of OPOC.us being sued in his individual capacity. On information and belief, Mr. Sommer acted as an employer under the FLSA and OMFWSA, of Plaintiffs and putative Class Members.

17.     Defendant Tobias Sommer is an individual and President of MWD Consulting, Inc., OPOC.us, AccelWELL, Inc., and Centric HC, Inc. being sued in his individual capacity. On information and belief, Mr. Sommer acted as an employer under the FLSA and OMFWSA, of Plaintiffs and putative Class Members.

18.     Defendants are joint employers and have jointly employed employees at all times within the statutory period.

19.     At all relevant times, Defendants have operated as a single integrated system.

20.     Defendants operate a business enterprise that employees team members.

21.     Each of Defendants jointly and severally employ team members.

22.     Defendants are owned, operated, and managed by the same group of individuals.

23.     On information and belief, at all times relevant to this lawsuit, Defendants have gross operating revenues or business volume in excess of $500,000.

24.     The putative Collective Action Members are all current and former employees who worked for Defendants as team members, excluding managers, in the following departments: Employer Care, Marketing, AccelWELL, Care Center, Cocierge Team, Retirement, and Centric; at any time within the three years prior to the filing of this Complaint through the

date of final disposition of this action who did not receive overtime premium pay for hours worked in excess of forty in a given workweek from Defendants.

25.     The putative Class Action Members are all current and former team members, excluding managers, who work or worked for Defendants in Ohio at any time within the six years prior to the date of filing of this Complaint through the date of the final disposition of this action.

26.     Plaintiffs' consents to participate in this lawsuit are attached as Exhibit A to this Complaint.

## FACTUAL ALLEGATIONS

27.     Named Plaintiffs represent themselves and all similarly situated individuals, both current and former employees, who were not paid overtime despite working greater than forty hours in one workweek in a non-exempt job position that was misclassified as exempt.

28.     Plaintiffs represent all employees, excluding managers, in Employer Care, AccelWELL, Care Center, Concierge Team, Retirement, and Centric departments (collectively "team members").

29.     Plaintiffs and team members help Defendants' management and analysts in performing insurance brokerage services.

30.     Defendants seek to serve as their business client's one point of contact for insurance needs.

31.     Team members help Defendants' business serve as their client's one point of contract for insurance needs.

32.     Team members answer phones, manage insurance policy and plan information, and help clients fill out paperwork.

33.     Team members do not research or analyze insurance / employee products that could help clients, and team members do not offer consulting / advising services to clients regarding products.

34.     Excluding managers, Defendants' employees that work in Employer Care, AccelWELL, Care Center, Concierge Team, Retirement, and Centric departments (collectively "team members") are similarly situated with respect to many areas of importance.

35.     Team members do not include managers or analysts.

36.     Defendants maintain policies, pay structures, and rules that apply to every team member.

37.     Plaintiffs and all team members are similarly situated with respect to these policies.

38.     Plaintiffs and all team members perform the same or similar job duties.

39.     Plaintiffs and team members' primary job duty did not involve selling products for a commission.

40.     Defendants treat Plaintiffs and all team members as exempt under the FLSA.

41.     Defendants pay Plaintiffs and all team members a set salary and fail to pay overtime wages when team members work in excess of forty hours in a single workweek.

42.     No team members work primarily outside of the office.

43.     All team members are supervised closely by management.

44.     Plaintiffs and team members are paid a predetermined salary twice per month.

45.     Plaintiffs and team members are required to be at their desk by 7:30 AM and attend a daily "jump start" meeting at 7:50 AM. If anyone was late for the "jump start" meeting, they were considered late for the day and written up.

46.     Defendants do not keep records of all hours worked by Plaintiffs and team members.

47.     Defendants do not require Plaintiffs or team members to keep records of all hours worked.

48.     Plaintiffs and team members frequently work during lunch and other breaks. Taking lunch is often discouraged.

49.     Plaintiffs and all team members are told they are expected to work forty hours per week, but in reality they work more than forty hours.

50.     Defendants went against this initially understood expectation and required Plaintiffs and team members to work many more hours.

51.     Plaintiffs and team members are required to be available during off hours to their managers and fellow team members.

52.     When Plaintiffs and team members leave the office, they are required to have their cell phone and/or laptop to be on call to their managers and fellow team members.

53.     Plaintiffs and team members do not have job titles or job descriptions.

54.     Plaintiffs and team members are not responsible for and do not have discretion to create / implement Defendants' strategic planning. All of Defendants' strategic planning is performed by management.

55.     Plaintiffs and team members have specific instructions or prescribed procedures regarding the performance of job duties.

56.     Plaintiffs and team members have no authority over matters of significance that affect the business.

57.     Plaintiffs and team members do not use their independent judgment to perform research and or advise clients.

58.     Defendants' analysts are the only employees that research and recommend products to customers or provide consulting services regarding customers' systems, with respect to matters of significance.

59.     Plaintiffs and all team members have no purchasing authority to bind the company on significant purchases.

60.     Plaintiffs and team members' job duties depend primarily on their ability to conform to checklists created for them by supervisors and to operate computer programs not requiring specialized knowledge.

61.     Plaintiffs and team members' primary duties involve checking reports and tabulating data by merely following the prescribed steps set out by management.

62.     Plaintiffs and team members' job duties involve clerical or secretarial work, data entry, and depended on an ability to operate specific computer software.

63.     Plaintiffs and team members have no authority to formulate, affect, interpret, or implement management policies or operating practices.

64.     Plaintiffs and team members do not perform any work that affects business operations, or any segment of business operations to a substantial degree.

65.     Plaintiffs and team members have no authority to waive or deviate from established policies and procedures without prior approval.

66.     Neither Plaintiffs nor team members have any discretion or ability to exercise independent judgment. All decisions made by Plaintiffs and team members must be approved and made by a manager.

10

67.     Plaintiffs and team members cannot hire.

68.     Plaintiffs and team members cannot fire.

69.     Plaintiffs and team members cannot adjust the pay of any employees.

70.     Plaintiffs and team members do not supervise any employees.

71.     Plaintiffs and team members work long hours, including while away from the office, and are paid a fixed salary that does not include overtime for hours worked in excess of forty in one week.

72.     Defendants know or should have known that Plaintiffs and team members regularly work in excess of forty hours in a single workweek.

## FLSA ALLEGATIONS

73.     Plaintiffs, on behalf of themselves and all similarly situated team members, incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

74.     The FLSA is to be construed expansively in favor of coverage, recognizing that broad coverage is essential to accomplish the goals of this remedial legislation, including the avoidance of unfair competition.

75.     The FLSA applied to Plaintiffs and the putative Collective Action Members at all times that they worked for Defendants.

76.     No exemptions to the application of the FLSA apply to Plaintiffs or the putative Collective Action Members.

77.     At all relevant times, Plaintiffs and the putative Collective Action Members were employees of Defendants pursuant to the FLSA.

11

78.     During the relevant time period, neither Plaintiffs nor any putative Collective Action Members received overtime compensation from Defendants.

79.     Defendants' scheme to label Plaintiffs and the putative Collective Action Members as exempt employees was designed to deny them their rights as employees to receive overtime compensation for each hour worked in excess of forty hours in one workweek.

80.     Defendants' illegal scheme to label Plaintiffs and the putative Collective Action Members as exempt was willful.

81.     Finally, federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a) & (b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Defendants have failed to accurately keep the aforementioned records.

## COLLECTIVE ACTION ALLEGATIONS

82.     Plaintiffs, on behalf of themselves and all similarly situated team members, incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

83.     Plaintiffs bring this collective action on behalf of themselves and all other similarly situated team members.

84.     Plaintiffs have actual knowledge that putative Collective Action Members have been denied wages for all hours worked in excess of forty hours in a workweek. Plaintiffs worked with other team members at Defendants' location. As such, they have personal knowledge of the pay violations. Furthermore, other employees of Defendants have shared with them that they experienced similar pay violations as those described in this Complaint

85.     Plaintiffs are not exempt from the overtime requirements under the FLSA.

86.     Plaintiffs and the Collective Action Members were subject to the same uniform operational, compensation, and timekeeping policies and practices. Defendants maintained a single common and unified policy that applied to all team members equally and failed to pay them the overtime wages they were entitled to under law. Defendants erroneously classified all team members as exempt under the FLSA.

87.     Defendants' illegal pay practices and policies are identified above and generally include failing to pay team members fully and accurately for all hours worked including but not limited to those hours in excess of forty hours per week.

88.     The putative Collective Action Members are similarly situated to Plaintiffs in all relevant respects having performed the same work duties as Plaintiffs and being similarly situated with regard to Defendants' policies and pay practices.

89.     The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

90.     The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

91.     The Collective Action Members are owed wages for the same reasons as Plaintiffs.

92.     Application of Defendants' illegal pay practices does/did not depend on the personal circumstances of Plaintiffs or putative Collective Action Members. Rather, the same policy or practice which resulted in the non-payment of overtime wages applies to all putative Collective Action Members. Accordingly, Plaintiffs seek to represent the following class:

> **All of Defendants' current and former team members in the Employer Care, Marketing, AccelWELL, Care Center, Concierge Team, Retirement, and Centric departments, excluding managers, who are or were employed with Defendants during the three years before this Complaint was filed up to the present.**

93.     Defendants knowingly, willfully, and with reckless disregard for the rights of putative Collective Action Members carried out an illegal pattern or practice of failing to pay overtime compensation.

94.      Defendants did not act in good faith or reliance upon and of the following in formulating its pay practices: (a) case law, (b) the FLSA, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

95.     Defendants acted willfully in failing to pay Plaintiffs and putative Collective Action Members in accordance with the law.

## OHIO LAW ALLEGATIONS

96.     Plaintiffs, on behalf of themselves and all similarly situated team members, incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

97.     The OMFWSA, O.R.C. §§ 4111.01, *et seq.*, expressly incorporates the standards set forth under the FLSA.

98.    Ohio law requires employers to pay employees minimum and overtime wages at a rate of one and one-half times the employee's regular rate of pay for all hours worked in excess of forty hours in one workweek. O.R.C. §§ 4111.01, *et seq.*

99.    Ohio law requires employers to maintain accurate pay records. O.R.C. § 4111.08.

100.    Ohio law requires employers to, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month. O.R.C. § 4113.15.

101.    Ohio common law prohibits the windfall of unjust enrichment.

## CLASS ACTION ALLEGATIONS

102.    Plaintiffs, on behalf of themselves and all similarly situated team members, incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

103.    Plaintiffs bring their claims for relief under Ohio law on behalf of themselves and a Class of persons under Rules 23(a), (b)(2), and (3) of the Federal Rules of Civil Procedure defined as follows:

> **All of Defendants' current and former team members in the Employer Care, Marketing, AccelWELL, Care Center, Concierge Team, Retirement, and Centric departments, excluding managers, who are or were employed with Defendants during the three years before this Complaint was filed up to the present.**

104.    **Numerosity (FED. R. CIV. P. 23(a)(1)).** The putative Class Action Members are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which that number can be ascertained are presently within

the sole control of Defendant. Upon information and belief, there are over forty putative Class Action Members.

105.    **Commonality (FED. R. CIV. P. 23(a)(2)).** Common questions of law and fact exist as to putative Class Action Members, including, but not limited to, the following:

a. Whether Defendants misclassified team members as exempt;

b. Whether Defendants failed to pay wages including overtime pursuant to O.R.C. §§ 4111.01 *et seq.*;

c. Whether Defendants failed to keep records pursuant to O.R.C. § 4111.08;

d. Whether Defendants failed to timely pay Class Members in accordance with O.R.C. § 4113.15;

e. Whether Defendants were unjustly enriched by work and services performed by Class Members; and

f. The proper measure of damages sustained by the putative Class.

106.    **Typicality (FED. R. CIV. P. 23(a)(3)).** Plaintiffs' claims are typical of those of the putative Class Action Members. Plaintiffs, like other Class Action Members, were subjected to Defendants' policy and practice of refusing to pay wages owed to its team members in accordance with Ohio law.

107.    **Adequacy (FED. R. CIV. P. 23(a)(4)).** Plaintiffs will fairly and adequately represent and protect the interests of the putative Class.

108.    **Adequacy of counsel (FED. R. CIV. P. 23(g).** Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

109.    Class certification of the Ohio claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the putative Class, making appropriate declaratory and injunctive relief with respect to the Plaintiffs and the putative Class Action Members as a whole.

110.    **Predominance and Superiority (FED. R. CIV. P. 23(b)(3))**. Class certification of the Ohio claims is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the putative Class Action Members predominate over any questions affecting only individual members of the putative Class Action, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices unlawfully fail to compensate the members of the putative Class. The damages suffered by individual members of the putative Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

111.    **Notice (FED. R. CIV. P. 23(c)(2)(B)).** Plaintiffs intend to send opt-out notice to all members of the putative Class to the extent provided by Rule 23.

112.    Plaintiffs' claims are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy-particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

## CAUSES OF ACTION

**First Claim: Fair Labor Standards Act: Failure to Pay Full and Accurate Wages**
**(On Behalf of the Collective Action Members)**

113.     Plaintiffs, on behalf of themselves and the Collective Action Members, incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

114.     The foregoing conduct, as alleged, violates the FLSA.

115.     Plaintiffs and the putative Collective Action Members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

116.     Defendants were, and are, required to pay its employees, Plaintiffs and the putative Collective Action Members, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

117.     Defendants were, and are, required to pay its employees, Plaintiffs and the putative Collective Action Members, overtime premiums in an amount of one and one half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

118.     Defendants failed to pay Plaintiffs and the putative Collective Action Members their federally mandated overtime wages for all hours worked over forty in a given workweek.

119.     Defendants' conduct was willful and done to avoid paying overtime. 29 U.S.C. § 255(a). Therefore, Plaintiffs and the putative Collective Action Members are entitled to a three (3) year statute of limitations.

120. Plaintiffs and the putative Collective Action Members seek all damages to which they are entitled under the FLSA, including their back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

121. Defendants failed to pay Plaintiffs and the putative Collective Action Members the federally-mandated overtime compensation for non-exempt employees at the rate of time and one-half for each hour worked in excess of forty in one workweek. Accordingly, Defendants violated the FLSA minimum wage and overtime provisions.

**Second claim: Ohio Minimum Fair Wage Act Violations- Failure to Pay Overtime Wages**
**O.R.C. § 4111.01,** *et seq.*
**(On Behalf Of the Class Action Members)**

122. Plaintiffs, on behalf of themselves and the Class Action Members, incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

123. Defendants failed to pay wages including overtime to Plaintiffs and putative Class Action Members.

124. Defendants' failure to pay proper wages to Plaintiffs and Class Action Members for each hour worked including but not limited to those hours worked in excess of forty hours per week was willful within the meaning of the Ohio Minimum Fair Wage Standards Act and in reckless disregard of applicable law.

125. Plaintiffs, on behalf of themselves and the putative Class Action Members, seek restitution in the amount of the respective unpaid overtime wages earned and due at a rate of not less than one and one-half times the regular rate of pay for all hours worked over forty in a given workweek.

19

126.     As a result of Defendants' illegal actions, Plaintiffs thereon as well Class Action Members suffered lost wages and other losses such as incurring the costs of attorneys' fees associated with this action. Thus, they seek attorneys' fees.

### Third Claim: Ohio Semi-Monthly Payment Act O.R.C. § 4113.15
### (On Behalf Of the Class Action Members)

127.     Plaintiffs, on behalf of themselves and the putative Class Action Members, incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

128.     During all times material to this complaint, Defendants were an entity covered by the Ohio Semi-Monthly Payment Act, and Plaintiffs and the Class Action Members are/were employed by Defendants within the meaning of the Ohio Semi-Monthly Payment Act.

129.     The Ohio Semi-Monthly Payment Act requires Defendants to pay Plaintiffs and the Class Action Members all wages, including unpaid overtime, and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month.  *See* O.R.C. § 4113.15(A).

130.     During all times relevant to this complaint, Plaintiffs and the Class Action Members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty days of performing the work. *See* O.R.C. §4113.15(B).

131.    Defendants failed to timely pay Class Action Members according to O.R.C. § 4113.15. Plaintiffs on behalf of themselves and Class Action Members seek wages owed and interest due pursuant to O.R.C. § 4113.15.

**Forth Claim: Unjust Enrichment**
**(On Behalf Of the Class Action Members)**

132.    Plaintiffs, on behalf of themselves and the Class Action Members, incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

133.    Plaintiffs and the Class Action Members performed work and services that conferred a benefit upon Defendants and were integral to the financial success of Defendants' businesses.

134.    Defendants had knowledge that Plaintiffs and Class Action Members performed this work and of the benefit it incurred as a result.

135.    Defendants retained the benefit of the work and services of Plaintiffs and Class Action Members.

136.    Under the circumstances, retention of this benefit by Defendants would be unjust without payment to Plaintiffs and Class Action Members.

137.    Defendants were unjustly enriched and owe Plaintiffs and Class Action Members for the retention of the benefit resulting from their work and services including money damages.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs and similarly situated individuals are entitled to and pray for the following relief:

A.  Certification of this action of a class action pursuant to Fed.R.Civ.P.23(b)(2) and (3) on behalf of the Collective Action Members and appointment of Plaintiffs and their counsel to represent the Collective Action Members;

B.  Designation of this action as a collective action on behalf of Collective Action Members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action and appointment of Plaintiffs and their counsel to represent the Collective Action Members;

C.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and OMFWSA;

D.  An award of unpaid wages due under the FLSA, the OMFWSA and O.R.C. § 4113.15, and the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15;

E.  Interest owed in accordance with the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15;

F.  An award of liquidated and treble damages as a result of Defendants' failure to pay minimum wages and overtime pursuant to 29 U.S.C. § 216 and O.R.C. §§ 4111.01, *et seq.*;

G.  An award of prejudgment and post judgment interest;

H.  An award of compensatory damages;

22

I.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

J.  Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.    (0093584)
Lance Chapin          (0069473)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio  43215
Telephone:    614.221.9100
Facsimile:    614.221.9272
E-mail:       steven.babin@chapinlegal.com
              lance.chapin@chapinlegal.com

Attorneys for Plaintiffs
Andrea Klabbatz, *et al.*

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues.

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.    (0093584)
Chapin Legal Group, LLC

Attorney for Plaintiffs Andrea Klabbatz, *et al.*

23